IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE BRADFIELD a/k/a | ) | |
| PAUL FARNSWORTH, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 12-1248-JDT-egb |
| | ) | |
| JOE EASTERLING, ET AL., | ) | |
| | ) | |
|     Defendants. | ) | |

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE,
DENYING PLAINTIFF'S MOTION TO SUPPLEMENT MOTION
FOR SUMMARY JUDGMENT, AND
GRANTING DEFENDANTS' MOTION TO COMPEL SERVICE OF DOCUMENTS

The parties in this case have filed cross-motions for summary judgment (ECF Nos. 76, 90 to 94, & 97) along with various supplements, responses and replies (ECF Nos. 101, 105, 108, 112, 119, 121 & 122). In support of the motion for summary judgment filed by Defendant Andre Gilbert, Defendant has submitted, *inter alia*, the Affidavit of Alicia Cox, Health Services Administrator at the Hardeman County Correctional Facility ("HCCF"). (ECF No. 94.) Cox's Affidavit is accompanied by Plaintiff's medical records from the HCCF. (ECF Nos. 94-1, 94-2 & 94-3.)

On January 30, 2015, the *pro se* prisoner Plaintiff, Ronnie Bradfield a/k/a Paul Farnsworth, filed a motion to strike Cox's Affidavit in its entirety and seeking sanctions against Cox's attorney, Gregory D. Cote. (ECF No. 109.) Plaintiff contends the Affdavit

must be stricken because counsel failed to comply with Federal Rule of Evidence 902(11) by providing him with copies of the medical records that are attached to the Affidavit *before* the motion for summary judgment was filed. He also contends the medical records attached to Cox's Affidavit are intentionally incomplete, referring to some specific portions that he asserts are missing, and that the lack of "Bates" numbers hinders his review of the documents. Plaintiff asserts this constitutes a lack of fair notice and "fraud" by Mr. Cotes that justifies the imposition of sanctions.

Plaintiff's motion is without merit.[1] As pointed out in Gilbert's response to the motion to strike (ECF No. 120), by its terms, Rule 902(11) does not apply in this situation. Rule 902 provides that certain types of documents are self-authenticating, including certified records of regularly conducted activity. The Rule also provides that "[b]efore the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record – and must make the record and certification available for inspection – so that the party has a fair oppotunity to challenge them." However, a motion for summary judgment is not a trial or hearing. Nothing in Federal Rule of Civil Procedure 56 or any other applicable procedural rule requires a party who intends to file a motion for summary judgment to first make sure that the opposing party has already had notice of and an opportunity to inspect the evidence to be offered in support of the motion.

---

[1] A motion to strike also is not an acceptable method of challenging the appropriateness or admissibility of evidence submitted with a motion for summary judgment. *See* Local Rule 56.1(e). While Federal Rule of Civil Procedure 12(f) authorizes a motion to strike a "pleading" for various reasons, motions and affidavits are not pleadings. *See* Fed. R. Civ. P. 7(a). Furthermore, Federal Rule of Civil Procedure 26(g)(2) also is not applicable in this case.

To the extent Plaintiff is contending that Defendant Gilbert did not provide Plaintiff's complete medical records during the discovery process, Gilbert concedes that he objected to Plaintiff's Request for Production of his medical records. However, Plaintiff never filed a motion to compel the production of those records, and he admits that he received copies of his medical records from Defendant Breitling, who also attached them to her motion for summary judgment. (ECF Nos. 76-4 to 76-9.) Thus Plaintiff has not been prejudiced by the fact that the same records were not provided again prior to the filing of Gilbert's motion.

Although Defendant Gilbert concedes that ten pages from Plaintiff's medical records were inadvertently omitted when the motion for summary judgment was filed, Plaintiff's accusations that the omission was intentional and in bad faith are wholly unfounded and unsupported. Counsel has indicated that the missing pages were served on Plaintiff at the same time as the response to the motion to strike.[2]

Plaintiff also asserts that Defendant Gilbert's counsel did not comply with Local Rule 56.1(a), which requires a party moving for summary judgment to set forth a statement of undisputed material facts in separate, numbered paragraphs with specific citations to the record. To the contrary, the Court finds the motion sufficiently complies with the requirements of the Local Rule.

For the foregoing reasons, Plaintiff's motion to strike and for sanctions is DENIED.

---

[2] Gilbert indicates that five of the omitted pages concerned dental and vision treatment received by Plaintiff. It does not appear that those records would have any bearing on the allegations in this case.

On April 13, 2015, Plaintiff filed an "Affidavit In Opposition to Defendant Gilbert's Affidavit [D.E. #119]" (ECF No. 125) and a motion to be allowed to amend his motion for summary judgment (ECF No. 125-1). Docket entry #119 is Defendant Gilbert's reply to Plaintiff's response to Gilbert's motion for summary judgment. Thus, as noted in Defendant Gilbert's response to the April 13, 2015 filing (ECF No. 127), the Affidavit filed by Plaintiff is, in effect, an attempt by Plaintiff to file a surreply in opposition to Gilbert's motion for summary judgment without obtaining leave of Court.

Plaintiff's motion to amend his motion for summary judgment is based on the assertion that the ten pages of medical records that were inadvertently omitted from Cox's Affidavit "have great probative value to support his claims." (ECF No. 125-1 at 1.) However, Plaintiff did not submit the records with his motion to amend.

The motions for summary judgment in this case have been extensively briefed and are supported by a great deal of evidentiary material, and the Court finds that further briefing or supplementation is unnecessary and would not be helpful in resolving the issues raised in the motions. Therefore, Plaintiff's Affidavit which was received and docketed on April 13, 2015 (ECF No. 125), will not be considered by the Court. Furthermore, Plaintiff's motion to amend his motion for summary judgment (ECF No. 125-1) is DENIED.

On April 13, 2015, Defendant Breitling filed a motion asking the Court to compel Plaintiff to serve them with specific documents. (ECF No. 123.) Both Plaintiff's reply to Breitling's response to Plaintiff's motion for summary judgment (ECF No. 121) and Plaintiff's reply to Gilbert's response to Plaintiff's motion for summary judgment (ECF No.

4

122) were received and docketed by the Clerk on March 31, 2015. However, Breitling's counsel, Jonathan D. Buckner of Pentecost & Glenn, states that his office did not receive copies of those documents from Plaintiff. Defendant Gilbert likewise states that his counsel, Mr. Cote, did not receive a copy of Plaintiff's reply to Breitling's response to Plaintiff's motion for summary judgment. (ECF No. 124.) In addition, because the documents in question were filed under seal, counsel cannot access them using the Court's Electronic Case Filing system.

In response to the motion to compel (ECF No. 130), Plaintiff states that he did, in fact, mail copies of his replies to the Defendants' counsel and that counsel's failure to receive those documents must be because counsel's "staff has misplaced or misfiled those documents." (*Id.* at 2.) He has submitted copies of a prison official's response to his request for information which states that three separate parcels were placed in the HCCF mail system on March 30, 2015, addressed to counsel for both Breitling and Gilbert, as well as to the Court. (ECF No. 131-1 at 2.)

While the Court does not doubt Plaintiff's assertion that he placed the documents in question in the HCCF mail system addressed to counsel for both Breitling and Gilbert, the Court also does not doubt counsel's assertions that the documents were not received. It is extremely unlikely that staff in both counsel's offices would misplace or misfile the same documents at about the same time, as Plaintiff has speculated. It is much more probable that the documents either were mis-delivered or lost by the postal service or that they were lost in the HCCF mailroom. Therefore, the motion to compel service is GRANTED. Plaintiff

5

is hereby ORDERED to serve Defendant Breitling's counsel with additional copies of his replies to both Breitling's and Gilbert's responses to his summary judgment motion (ECF Nos. 121 & 122) and to serve Defendant Gilbert's counsel with an additional copy of his reply to Breitling's response to his summary judgment motion (ECF No. 121). The documents must be mailed to counsel within ten days after the date of this order, and Plaintiff must file a certificate of service with the Court showing that he has done so.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE