IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE BRADFIELD a/k/a PAUL FARNSWORTH, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 12-1248-JDT-cgc |
| JOE EASTERLING, ET AL., | ) ) | |
| Defendants. | ) | |

ORDER DENYING MOTION FOR EXTENSION OF TIME AS MOOT,
DENYING MOTION FOR RECUSAL,
PARTIALLY GRANTING MOTION TO REHEAR,
DENYING MOTION TO COMPEL, FOR JUDGMENT ON THE
PLEADINGS AND FOR PRELIMINARY INJUNCTION, AND
DIRECTING CLERK TO SERVE SEALED DOCUMENTS ON DEFENDANTS

On March 29, 2016, the Court issued an order that, *inter alia*, denied Plaintiff Ronnie Bradfield's motion to strike the Affidavit of Alicia Cox, which was submitted in support of Defendant Andre Gilbert's motion for summary judgment, denied Plaintiff's objection to Gilbert's Statement of Undisputed Facts, and denied Plaintiff's motion to file a surreply in support of his cross motion for summary judgment. (ECF No. 133 at 1-4.) The Court also ordered Plaintiff to serve Defendants' counsel with additional copies of his replies to summary judgment, which were filed under seal, because counsel for the Defendants did not receive those documents. (*Id.* at 5-6.)

Plaintiff subsequently filed a motion for extension of time to respond to the Court's order (ECF No. 134) and a motion to rehear the March 29 order and for recusal (ECF No. 135). The motion for extension of time is DENIED as moot because Plaintiff's motion to rehear was received the same day.

In Plaintiff's motion for recusal he contends the undersigned Judge should recuse himself from this matter because of rulings in this case that were unfavorable to Plaintiff. Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, § 455(a) provides that a judge shall be disqualified "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must be disqualified include:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings;
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case . . . ;
> (4) He knows that he . . . has a financial interest in the subject matter in controversy;

(5) He or his spouse . . . :
    (i) Is a party to the proceeding . . . ;
    (ii) Is acting as a lawyer in the proceeding;
    (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
    (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

*Id.* § 455(b).

A judge must be recused if, knowing all of the circumstances, a reasonable, objective person would question the judge's impartiality. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *Id.* (citation omitted). Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988). A judge's participation in the proceedings or prior contact with related cases cannot support a demand for recusal. *Sammons*, 918 F.2d at 599. Sections 144 and 455 are to be read *in pari materia* to require that disqualification be predicated upon extrajudicial conduct, rather than judicial conduct, and to require that the alleged bias and prejudice be personal rather than judicial. *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001); *United States v. Story*, 716 F.2d 1088, 1096 (6th Cir. 1983). A judge is presumed to be impartial, and a party seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge. *United States v. Adams*, 38 F.3d 1217, 1994 WL 589509 (6th Cir. 1994) (citing *Holt v. KMI Continental, Inc.*, 821 F. Supp. 846, 847 (D. Conn.1993)).

As stated, Plaintiff seeks recusal based solely on the undersigned's unfavorable rulings in this case. Plaintiff has submitted a Declaration in support of the motion, asserting that the March 29, 2016, denial of his motions constitutes a violation of the law and shows favoritism toward the Defendants. (ECF No. 135 at 8-9.) That is not a valid basis for recusal in this matter. Plaintiff does not contend or offer any evidence that the undersigned has any personal bias against him arising out of the background or extrajudicial conduct of this Judge. Therefore, the motion for recusal is DENIED.

Plaintiff contends the Court's denial of his motion to strike Ms. Cox's Affidavit and the denial of his objection to Defendant Gilbert's Statement of Undisputed Facts was erroneous. However, the Court is not persuaded that those prior rulings should be modified.

Plaintiff also objects to the Court's requiring him to serve the Defendants with additional copies of his sealed replies to the Defendants' motions for summary judgment. Plaintiff states he can no longer locate all of the documents due to cell searches which left his documents missing and in disarray. He asks the Court instead to require the Clerk to serve electronic copies of those documents. The Court will accept that suggestion; therefore, the motion to rehear is GRANTED only to the extent the prior order directed Plaintiff to serve additional copies of his replies on the Defendants. The Clerk will be directed to serve the documents in question.

Plaintiff has also filed a motion seeking judgment on the pleadings as a sanction for Defendant Gilbert's alleged failure to supplement his discovery responses and seeking to

compel the supplemental discovery. (ECF No. 137 at 1-3.) The motion also requests the Court to issue a temporary restraining order or preliminary injunction. (*Id.* at 3-7.)

With regard to the motion to compel, Plaintiff contends that he "recently learned" that Defendant Gilbert "changed, yet again the diet-menu for 'gluten-free' meals . . . contrary to what he filed in the Court . . . As evidence of a menu-diet for 'gluten-free' meals." (*Id.* at 2 (ellipses in original).) Via a letter to Defendant Gilbert's counsel dated July 19, 2016, Plaintiff requested supplementation of discovery within ten days. (ECF No. 137-1.) However, Plaintiff states that Defendant Gilbert did not respond within the specified ten-day period. Plaintiff moves to compel production of the changed menu; he also seeks entry of judgment in his favor as a sanction for what he views as the Defendants' history of discovery obstruction.

Defendant Gilbert asserts that he did not fail to supplement his discovery responses because, contrary to Plaintiff's belief, the menu pursuant to which Plaintiff's meals are prepared was not changed. Gilbert states that the menus for certain restricted diets were changed, but Plaintiff's meals are still prepared in accordance with the menu that was submitted as an exhibit to Gilbert's motion for summary judgment. (Gilbert Aff. ¶¶ 3-4, ECF No. 138-1.)[1] This explanation sufficiently demonstrates that Defendant Gilbert was not

---

[1] Defendant Gilbert also notes that Plaintiff's letter demanding supplementation gave only ten days in which to respond, and most of that period had elapsed before counsel received the letter. Both Plaintiff and the Defendants should be mindful of the extra time it can take for prisoners to send and receive mail that is processed through the prison mail system and should, therefore, not insist on compliance with unreasonably short time limits.

obligated to supplement his discovery responses. Therefore, Plaintiff's motion to compel discovery and for judgment on the pleadings as a discovery sanction is DENIED.

In Plaintiff's motion for a temporary restraining order or preliminary injunction, he asserts he is not being provided with a gluten-free, nutritious diet despite a medical order requiring it and that Defendant Gilbert refuses to correct the situation even when it is brought to his attention. Plaintiff states he is suffering from various serious and deteriorating health problems due to the lack of a nutritious, gluten-free diet.[2]

In response to the motion for injunctive relief, Defendant Gilbert asserts that the evidence submitted in support of his motion for summary judgment demonstrates that Plaintiff has received a gluten-free diet. Defendant also asserts that Plaintiff's medical records do not support the contention that Plaintiff is suffering adverse health effects from the alleged lack of gluten-free meals.

In what seems intended as a reply to the Defendant's response, Plaintiff has submitted an additional Declaration. (ECF No. 139.) He asserts that his food trays are contaminated with gluten because inmate kitchen workers do not change their gloves after serving foods with gluten and that he often finds foods with gluten on his tray, despite his efforts to get Defendant Gilbert to correct the situation. (*Id.*)

---

[2] Plaintiff also asserts that Defendant Gilbert has, on numerous occasions, openly stated he was going to kill Plaintiff. However, even if Gilbert made such statements, verbal threats are not actionable under 42 U.S.C. § 1983 as a violation of the Eighth Amendment. *See Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (a guard's verbal threat to sexually assault an inmate "was not punishment that violated [the prisoner's] constitutional rights").

The Court finds Plaintiff has failed to show a likelihood that he will suffer substantial and immediate irreparable injury if he is not provided injunctive relief. Therefore, his motion for a temporary restraining order or preliminary injunction is DENIED.

In summary, Plaintiff's motion for extension of time is DENIED as moot. (ECF No. 134.) The motion for recusal is DENIED. The motion to rehear is GRANTED with regard to the requirement that Plaintiff serve the Defendants with his replies to summary judgment, but the motion to rehear is DENIED in all other respects. (ECF No. 135.) Plaintiff's motion to compel, for judgment on the pleadings and for immediate injunctive relief is also DENIED. (ECF No. 137.)

IT IS ORDERED that, within three business days, the Clerk shall serve counsel for Defendants Breitling and Gilbert with electronic copies of Sealed Docket Entries 121 and 122.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE